IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| RUBEN LARAY JEFFERY, §<br>TDCJ No. 01851926, §<br> §<br>    Plaintiff, §<br> §<br>v. §<br> §<br>DR. STEVEN LOPEZ, et. al., §<br> §<br>    Defendants. § | Civil Action No. 7:17-cv-00062-M-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ruben Laray Jeffery, an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 42 U.S.C. § 1983. After reviewing the pleadings and applicable law, the undersigned RECOMMENDS that Chief United States District Judge Barbara M.G. Lynn DISMISS with prejudice Plaintiff's claims against Defendants Texas Tech Medical and Tommy Norwood pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff claims that Dr. Steven Lopez repeatedly stabbed his feet with a syringe until they bled, inflicting serious pain on him. *See* ECF Nos. 5, 9. Plaintiff asserts that Defendant Texas Tech Medical is liable because Dr. Lopez received training there and because Texas Tech Medical inadequately failed to watch over or monitor Dr. Lopez. ECF No. 5 at 3; ECF No. 9 at 2. Plaintiff alleges that Defendant Tommy Norwood ("Norwood"), the medical director of the Allred Unit, is liable because he failed to watch Dr. Lopez knowing that Dr. Lopez was in training and not qualified to perform the procedure that Plaintiff needed. ECF No. 5 at 3; ECF No. 9 at 3.

Plaintiff has failed to state a claim against Defendants Texas Tech Medical and Norwood. "Supervisory officials cannot be held liable under section 1983 for the actions of subordinates [ ] on any theory of vicarious or *respondeat superior* liability." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Instead, "the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Id.* (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)). "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Smith*, 158 F.3d at 912 (internal quotation omitted). "Where a plaintiff fails to establish deliberate indifference, the court need not address the other two prongs of supervisor liability." *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009) (citing *Estate of Davis*, 406 F.3d at 382).

Here, Plaintiff has not alleged that either Texas Tech Medical or Norwood was deliberately indifferent to Plaintiff's constitutional rights. Plaintiff has neither alleged that Texas Tech Medical, an entity, or Norwood were aware of any facts from which the inference could be drawn that a substantial risk of serious harm existed nor that either of these Defendants actually drew that inference. Accordingly, the undersigned RECOMMENDS that Chief Judge Lynn DISMISS with prejudice Plaintiff's claims against Defendants Texas Tech Medical and Tommy Norwood pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a

copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      Signed June 26, 2017.

                                                    Hal R. Ray, Jr.
                                                    UNITED STATES MAGISTRATE JUDGE