IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| RUBEN LARAY JEFFERY, | § | |
| Plaintiff, | § § § | |
| v. | § | Civil Action No. 7:17-cv-00062-M-BP |
| DR. STEVEN LOPEZ, | § § § | |
| Defendant. | § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Ruben Jeffery filed the instant civil rights complaint on May 5, 2017. ECF No. 1. After consideration of the pleading and the applicable law, the undersigned **RECOMMENDS** that Chief District Judge Barbara M.G. Lynn **DISMISS** the Complaint (ECF No. 1) for want of prosecution without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

On September 25, 2017, the Court ordered Plaintiff to complete the blank summons form and one Form 285 as to Defendant "Steven Lopez," also known as "Matthew Lopez." ECF No. 27. On October 27, 2017, Plaintiff requested a thirty day extension to complete the forms and return them to the Clerk of Court. ECF No. 30. The Court granted Plaintiff's request and ordered him to provide the Clerk of Court the completed forms by November 27, 2017. ECF No. 31. Plaintiff failed to file the completed forms by the deadline, and the Court *sua sponte* extended Plaintiff's deadline to December 15, 2017. ECF No. 32. On December 18, 2017, Plaintiff filed the completed summons forms, but with incorrect information as to the name of the Defendant. ECF No. 33. On January 31, 2018, the Court directed Plaintiff to cure the deficiency by March 2, 2018, and warned Plaintiff that failure to do so might result in dismissal of the complaint without further notice. ECF No. 35. Because Plaintiff failed to cure the deficiency on time, the Court, again, *sua*

*sponte* extended Plaintiff's deadline to March 28, 2018, and warned Plaintiff that failure to follow the Court's orders could result in recommending dismissal of this case. ECF No. 36. As of today's date, Plaintiff has not responded to or complied with the Court's notice of deficiency and orders.

"A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). Such dismissal pursuant to Rule 41(b) may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissal with prejudice is an extreme sanction to be used only when the "'plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefits.'" *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long*, 77 F.3d at 880.

Plaintiff has been given ample opportunity to complete the blank summons form and Form 285 in this case. ECF Nos. 27, 32, 34, 35, 36. Although Plaintiff has failed to comply with the Court's multiple orders requiring him to do so, subjecting his Complaint to dismissal with prejudice under Rule 41(b) is not warranted here. Because Plaintiff has failed to comply with the Court's orders, the undersigned **RECOMMENDS** that the Complaint (ECF No. 1) be **DISMISSED** for want of prosecution without prejudice.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed April 2, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE